*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-210

DECEMBER TERM, 2015

| | |
|---|---|
| Falcon Management Company, Inc. | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Brenda LeClair | } DOCKET NO. 886-9-14 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Landlord Falcon Management Company appeals the trial court's order entering judgment for tenant Brenda LeClair in this eviction action. On appeal, landlord argues that the trial court's factual findings are clearly erroneous and not supported by the evidence presented at trial. We affirm.

Landlord owns a mobile home park, and, pursuant to a lease agreement, tenant pays a monthly fee for rental of a space in the park. In July 2014, landlord sent tenant a notice of termination based on nonpayment of rent. The notice did not include an amount that was owed. In September 2014, landlord filed for eviction alleging nonpayment of rent. The complaint alleged that tenant's monthly rent was $438 and tenant owed $1796 in rent and late fees as of August 2014. The trial court subsequently granted landlord's motion for payment of rent into court.

The trial court held a bench trial on the matter. Landlord presented testimony from its property manager and offered several exhibits, including two statements of tenant's account, one dated December 2014 and one dated April 2015. The statements list amounts for rent, late fees and legal fees. In total, the April 2015 statement showed an amount due of $7373, but the property manager testified that only $5382 of that was for unpaid rent. Tenant testified on her own behalf, and stated that she disagreed with landlord's accounting. She explained that in December 2013 she paid a lump sum for rent of $6800, intending that it be used for future rent but landlord carried forward only $1065 of that sum. Landlord's bookkeeper testified that tenant currently owed $5382 in past-due rent. She also stated that no payments for rent were received from tenant in 2014.

The trial court issued a written order, finding that landlord had failed to meet its burden of proving that tenant owed unpaid rent, and in what amount. The trial court explained that because landlord combined legal fees and rental amounts owed by tenant in its accounting, the evidence was unclear regarding whether the balance forward from January 2014 contained legal fees, which the court concluded that landlord had no right to add absent a court order. The trial court found that landlord had failed to present sufficient evidence to show what amounts tenant owed solely for rent, or if any rent was due. The trial court entered judgment for tenant, and ordered that the escrowed rent be returned to tenant.

Landlord appeals, and argues that the trial court abused its discretion in failing to find that tenant had not been paying monthly rent.

When the trial court's factual findings are challenged on appeal, we apply a limited standard of review, and will not set findings aside unless "taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous." O'Brien v. Black, 162 Vt. 448, 454 (1994) (quotation omitted).

On appeal, landlord contends that the trial court abused its discretion in finding that there was insufficient evidence to support landlord's claim that tenant was past-due in her rental payments. Landlord had the burden of proof to support its claim for eviction. Landlord asserts that it met its burden of demonstrating that tenant was delinquent in her rental payments. Landlord relies on the exhibits showing a balance owed to landlord and testimony from landlord's bookkeeper that tenant did not make a rental payment during 2014. These exhibits do not show information about tenant's account prior to January 2014. The December 2014 statement lists a "balance forward" of "-1,065.70." In other words, that at the beginning of 2014 landlord's record showed that tenant had a credit with landlord. The documentation does not demonstrate, however, how this credit amount was determined.

Tenant disputed landlord's evidence. She testified that landlord's bookkeeping was unclear and included charges for legal fees and overdue fees. She also testified that although she did not make a payment in 2014, in December 2013 she paid landlord $6800, and that she understood this to be for future rent. Landlord argues that the December 2013 payment was to satisfy a prior court judgment entered in favor of landlord. At trial, both parties alluded to prior court proceedings, but landlord did not submit into evidence any testimony or documentation regarding the specifics of this litigation, and did not ask the trial court to take judicial notice of any prior judgment.

On appeal, in support of its argument that the payment was related to prior litigation, landlord has submitted a copy of an October 2013 judgment order in a separate case involving these parties. Because this document was not part of the record below, we do not consider it on appeal. V.R.A.P. 10(a) (setting forth that record on appeal consists of documents filed in trial court). We limit our analysis to the evidence presented to the trial court.

It was up to the court as factfinder to resolve the parties' conflicting evidence by judging the credibility of witnesses and deciding the weight to accord to different evidence. O'Brien,

2

162 Vt. at 454. Given the conflicting evidence regarding the accuracy of landlord's statements and the lack evidence from landlord regarding the prior legal matter or the status of tenant's account prior to January 2014, the court was within its discretion in finding that landlord failed to meet its burden of proving that tenant had overdue rent and in what amount. There was simply a lack of evidence to show that the December 2013 payment was to satisfy a prior judgment, and to show that the balance forward was limited to unpaid rent.

Affirmed.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice